IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER J. BRZOWSKI, # M-29120, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-173-SMY |
| ) | |
| ILLINOIS DEPT. of CORRECTIONS, ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER, ) | |
| and THOMAS A. SPILLER, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises two claims. First, he alleges that Pinckneyville inmates are being improperly double-bunked in cells designed for a single inmate, which do not provide sufficient square-footage under federal and state guidelines. Secondly, he claims that Pinckneyville's two-meal-per-day dietary plan is inadequate. Plaintiff has been housed at Pinckneyville under these conditions since approximately November 2013.

According to Plaintiff, federal court decisions (which he does not cite) have set a 60-square-foot minimum as the standard to be provided for each inmate as living space (Doc. 1, p. 5). Pinckneyville's cells provide only 55 square feet of usable area, and two inmates must share this space. Prisoners are allowed only one hour and 45 minutes per day of "day room time" out of their cells. This housing situation "wrongfully encourages, and unjustly promotes needless tensions and stress between cramped adult housed Inmates," thus violating "controlling" federal

guidelines (Doc. 1, p. 6).  Additionally, because of the cramped cell conditions, the prison is not fulfilling its duty under the state constitution to rehabilitate inmates.

He further alleges that the Pinckneyville dietary supervisor has been directed by Defendant Warden Spiller to serve inmates only two meals per day, rather than the former three daily meals.  These two meals consist of a "brunch" and dinner.  He says that these "inadequate" meals "(most-likely), fail to even meet the set Federal nutritional and caloric daily guidelines required for each and every State housed adult inmate, causing unwarranted 'weight loss' and other associated biological and emotional turmoils" (Doc. 1, p. 7).  The inadequate food along with the double-bunking "contradicts" the state constitution's directive to the Illinois Department of Corrections, which requires the agency to rehabilitate inmates.  *Id*.

On both claims, Plaintiff seeks "investigative Federal measures" to address the alleged violations, and injunctive relief to correct the problems and bring Pinckneyville into compliance with federal law and guidelines (Doc. 1, pp. 8-9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal for failure to state a constitutional claim upon which relief may be granted.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>Count I – Double-Celling and Inadequate Square Footage</u>**

Plaintiff invokes both federal case law precedent and state constitutional requirements as the basis for this claim. As to the federal law claim, the Court is unaware of any standards that mandate a minimum square foot area that must be provided for each inmate, and Plaintiff has not pointed to any relevant cases. Even if such guidelines exist, a failure to provide the minimum cell space set out in an administrative code or agency rule does not, by itself, amount to a federal constitutional violation.

Plaintiff's claim that the double-celling in Pinckneyville runs afoul of the Illinois

Constitution's requirement to properly house and/or rehabilitate inmates is more properly a matter for the courts of the State of Illinois. A civil rights claim under 42 U.S.C. § 1983 must be based on some violation of a federal constitutional right; a state constitutional claim alone is not cognizable in federal court. Therefore, the relevant inquiry here is whether the cell conditions he complains of are proscribed by the Eighth Amendment.

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

The defining Supreme Court case addressing issues of overcrowding is *Rhodes v. Chapman*, 452 U.S. 337 (1981). In that case, the plaintiffs contended that the lodging of two inmates in a single cell ("double celling") constituted cruel and unusual punishment. The Supreme Court disagreed, concluding that "[a]t most . . . double celling inflicts pain," *id.* at 348-49, but not the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. The Court found that the Constitution "does not mandate comfortable prisons," *id.* at 349, and only those deprivations denying "the minimal civilized measure of life's necessities," *id.* at 347, are sufficiently grave to form the basis of an Eighth Amendment violation. In reaching this conclusion, the Court stated,

> Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment . . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such

conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 347.  *See also Wilson v. Seiter*, 501 U.S. 294 (1991).

Double-celling alone does not violate the Constitution.  The amount of space per inmate has some relevance when evaluating whether the totality of the conditions of confinement may amount to a serious deprivation of basic human needs.  *See Madyun v. Thompson,* 657 F.2d 868, 874 (7th Cir.1981).  A constitutional claim may arise if overcrowding causes other significant deprivations, such as inadequate medical or mental health care.  *See Brown v. Plata*, __ U.S. __, 131 S. Ct. 1910, 1928 (2011) (California prison system was required to reduce inmate population as part of remedial plan to correct constitutional deficiencies in medical and mental health care).  No constitutional violation was found in *Rhodes*, where 63-square-foot cells were shared by two inmates, in a facility that provided adequate furnishings and hot water.  *Rhodes*, 452 U.S. at 341.  Similarly, the Seventh Circuit found no violation for double-celling inmates in Pontiac Correctional Center, where the cells ranged in size from 55 to 65 square feet and the facility was otherwise adequate.  *Smith v. Fairman*, 690 F.2d 122, 124, 126 (1982), *cert. denied*, 461 U.S. 946 (1983).  *See also French v. Owens*, 777 F.2d 1250, 1252-53 (7th Cir. 1985) (comparing cases, and affirming in part injunction against double-celling in Pendleton, Indiana, prison, where combination of problems including overcrowded conditions (cell space less than 24 square feet per inmate), unsanitary kitchen conditions, inadequate medical care, and overuse of mechanical restraints violated the Eighth Amendment).

At least two Courts of Appeal have concluded that even triple-celling is not per se unconstitutional.  *See, e.g. Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison, and requiring detainees to sleep on mattresses on the floor was not a constitutional violation);

*Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993) (double or triple celling is not *per se* unconstitutional) (quoting *Williams v. Griffin*, 952 F.2d 820, 824-25 (4th Cir. 1991)). Likewise, the Seventh Circuit in an unpublished opinion found that a complaint over triple-celling in FCI-Greenville failed to state a constitutional claim, where the plaintiff did not connect any deprivation of "basic human needs" or "the minimal civilized measure of life's necessities" to the crowded conditions. *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The appellate court reiterated that a floor space limitation of approximately 35 square feet per inmate does not by itself amount to cruel and unusual punishment. *McCree*, 408 F. App'x at 992-93 (citing *Rhodes*, 452 U.S. at 348-49; *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985); *Smith v. Fairman*, 690 F.2d 122, 124, 126 (7th Cir. 1982)).

In the instant case, Plaintiff states that the double-celling in Pinckneyville results in each inmate having approximately 27-1/2 to 35[1] square feet of space (Doc. 5, p. 6; Doc. 1-1, p. 1). He claims that this crowding places inmates generally under "tensions and stress" and impairs their "emotional" rehabilitation (Doc. 1, p. 6). He does not allege that he personally has suffered any physical or mental/emotional hardships as a result of the double-celling. Such generalized complaints are insufficient to state a cognizable claim. *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates generally are treated in contravention to the Constitution, but not that plaintiff himself was treated in violation of the Constitution).

Under *Rhodes v. Chapman* and *McCree v. Sherrod*, the Pinckneyville cell size alone does not amount to an objectively serious constitutional deprivation. Other than the limited square

---

[1] Plaintiff attaches a grievance in which he states the cells measure 70 square feet; in the complaint he describes the cells as having 55 square feet, "after subtracting bunk-beds and toilet/sink fixture space."

footage of his cell, Plaintiff does not describe *any* specific harmful consequences to which he has been subjected, let alone anything that would rise to the level of a serious deprivation of a basic human need or the "minimal civilized measure of life's necessities."  Instead, the "tension and stress" he identifies is speculative and not unlike the discomfort that many people experience outside of prison in a variety of situations.  The complaint includes no facts to support a conclusion that Plaintiff was or is at risk of serious harm to his health or safety as a result of the practice of double-celling at Pinckneyville.  Accordingly, Count I fails to state a claim, and shall be dismissed with prejudice.

**<u>Count II – Inadequate Meals</u>**

An inmate who is deprived of adequate nutrition, a basic human need, may be able to sustain an Eighth Amendment claim.  *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  However, the denial of food is not a *per se* violation of the Eighth Amendment.  Rather, a district court "must assess the amount and duration of the deprivation."  *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).  *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1998) (serving inmates only two meals per day may satisfy the Eighth Amendment if the meals are nutritionally adequate); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

In the instant case, Plaintiff claims that the two-meal-per-day plan is "inadequate" and speculates that the servings "most likely" fail to meet normal daily nutritional and caloric requirements.  He suggests that inmates are losing weight as a result of this meal plan.  However, he includes no facts whatsoever to support these conclusory allegations.  Significantly, Plaintiff does not claim that he himself has lost any weight, or suffered any adverse health consequences, as a result of this feeding plan that was apparently implemented at Pinckneyville over one year ago.  His complaint thus fails to satisfy the most basic pleading requirement, to include facts suggesting that he has suffered an objectively serious deprivation or risk of harm as a result of the meal schedule.  As Plaintiff has failed to meet the objective component of an Eighth Amendment claim, it is not necessary to inquire further into whether Defendant Spiller (the only individual named as a party) may have been deliberately indifferent to a substantial risk of serious harm to Plaintiff.  *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Count II fails to state a claim upon which relief may be granted, and shall also be dismissed.  Out of an abundance of caution, however, the dismissal of this count shall be without prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.  **Count I** is dismissed **with prejudice**, and **Count II** is dismissed **without prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of*

*Corr*. 150 F.3d 810, 811 (7th Cir. 1998). Furthermore, because two of Plaintiff's previously-filed lawsuits[2] have been dismissed as frivolous and/or malicious within the meaning of § 1915(g), the dismissal of this case gives Plaintiff his third and last "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* ("IFP") provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the $350.00 filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir.

---

[2] *Brzowski v. Pinckneyville Corr. Ctr.*, Case No. 14-cv-3012 (C.D. Ill., dismissed Jan. 15, 2014, as frivolous and malicious, and strike assessed); and *In re: Brzowski v. Brzowski*, Case No. 14-C-2359 (N.D. Ill., dismissed May 2, 2014, as malicious and strike assessed). One other case, *In Re Brzowski*, Case No. 13-C-7393 (N.D. Ill., dismissed Oct. 17, 2013), was dismissed during Plaintiff's imprisonment as malicious and for failure to state a claim. However, the Court has determined that this case should not be counted as a "strike" within the meaning of § 1915(g). The electronic court docket for the case, which was originally filed in the Central District under Case No. 13-cv-1459 and later transferred to the Northern District, indicates that Plaintiff filed the action while he was on parole. He was then re-incarcerated. Http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited March 11, 2015). Because it appears that Plaintiff did not file the case "while [he was] incarcerated or detained in any facility," 28 U.S.C. § 1915(g), the dismissal of *In Re Brzowski*, Case No. 13-C-7393 (N. D. Ill.) is not counted as a strike.

1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) [3] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 16, 2015**

s/ STACI M. YANDLE<br>United States District Judge

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).